# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtors and Debtors in Possession
By: Kelly G. Black, No. 016376

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT S. DEAN and DEBBIE D. DEAN, husband and wife<br><br>Debtors. | No. 2:10-bk-18841-SSC<br><br>**Verified Statement of Professional Pursuant to FRBP 2014 and 2016** |

I, Kelly G. Black, being duly sworn, depose and state:

1. I am an attorney at the law firm of Jackson White, P.C. (the "Firm") and make this Verified Statement pursuant to section 327 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

2. I am generally familiar with the business of the Firm and have made inquiry concerning the facts set forth herein prior to making this Verified Statement.

3. I am a member in good standing of the bar of the State of Arizona and the United States District Court for the District of Arizona.

4. Hereinafter, I refer to the Firm and myself collectively as "Counsel." In accordance with Bankruptcy Rule 2014(a), I verify that to the best of my knowledge, after inquiry, Counsel and all of the attorneys associated at Jackson White, P.C. are "disinterested persons" as that term is defined in section 101(14) of the Code, and neither Counsel nor any of the attorneys at Counsel hold any interest materially adverse to the estate.

5. Jackson White, P.C. and its attorneys have no connections with the Debtors, creditors, other parties in interest, their respective attorneys and accountants, the United States

trustee, or any person employed in the office of the United States trustee, except as follows:

    a. Jackson White, P.C. represented Debtors in connection with preparation of the petition and related pre-bankruptcy services.

    b. Jackson White, P.C. represents Debtors and their Profit Sharing Plan in litigation initiated by Johnson Bank.

    c. Jackson White, P.C. previously represented Washington Mutual, primarily in defense of claims of wrongful foreclosure. Washington Mutual has since been acquired by JPMorgan Chase Bank ("Chase"), a creditor in this action. Chase asked Jackson White to represent it in defense of a single claim, in which Jackson White previously represented Washington Mutual and prevailed, but which the claimant has repeatedly attempted to resurrect. Jackson White, P.C. does not represent any Chase-related entity in connection with any other matter, and Chase has waived any conflict of interest relating to bankruptcy matters. This is not expected to present an actual conflict of interest.

    d. Within one year before the date of the filing of the petition, Counsel received $6,924.68 in compensation for services rendered or to b rendered in contemplation of or in connection with the case. The source of the compensation was a transfer of $7,963.68 from the trust account of the Combs Law Group, P.C. The hourly value of Counsel's pre-petition services was approximately $6,371.46 above the sum charged. However, Counsel accepted this sum as full payment so Counsel is not a creditor of the Debtor and has no direct or indirect relationship to, connection with or interest in the Debtor.

6. Except as may be stated above, Counsel does not hold or represent any interest adverse to the estate of the Debtor and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

7. Counsel retains a $1,039.00 deposit, to be held as security for payment of the filing fee.

8. Counsel practices in the area of Chapter 11 bankruptcy. As bankruptcy counsel,

Counsel will assist the Debtors' in taking all necessary action to protect and preserve the estate, in negotiating with creditors and other parties in interest, in advising the Debtors' in connection with this proceeding, in preparing the plan of reorganization and disclosure statement, in preparing any necessary pleadings and attending court hearings thereon, and in performing other legal services normally incident to Chapter 11 cases.

9. Subject to this Court's jurisdiction with respect to professional fees, the Debtors have agreed to compensate Counsel for its services at its usual hourly rates in effect at the time services are rendered. The Debtors have also agreed to reimburse Counsel in full for its cash disbursements and for such expenses as Counsel customarily bills to its clients. The Debtors have agreed to pay Counsel promptly upon allowance by the Court after appropriate application and notice. The Debtors have agreed that such payments shall be made by Debtors, upon allowance, from the property of the estate and not applied by Counsel from the retainer, except at the conclusion of the case or at the election of Counsel.

10. The normal hourly billing rates of Jackson White, P.C. range from $65 to $350 per hour, and rates specific to the bankruptcy practice are generally between $120 per hour for paralegals and $295 per hour for attorneys. The undersigned is familiar with rates charged by other attorneys in the Phoenix metropolitan area, and believes that the hourly rates are reasonable and comparable to rates charged by such other attorneys.

11. Counsel has agreed not to share with any person or firm the compensation to be paid for services rendered in connection with this case.

12. No trustee, examiner or creditors' committee has been appointed in this case.

13. All attorney members of Jackson White, P.C. who will appear in this case are licensed to practice before this Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this ___ day of May, 2011.

JACKSON WHITE

_____
Attorneys for Debtors and Debtors in Possession
By: Kelly G. Black, No. 016376

| | |
|---|---|
| 1 | |
| 2 | COPY of the foregoing mailed this<br>2nd day of May, 2011 to: |
| 3 | Office of the U.S. Trustee<br>230 N. First Avenue, Ste. 204 |
| 4 | Phoenix, AZ 85003-1706 |
| 5 | |
| 6 | By: _____<br>18448-001\374659.docx |