Brian A. Paino (SBN 027091)
bpaino@piteduncan.com
Jamin S. Neil (SBN 026655)
jneil@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>ROBERT S. DEAN AND DEBBIE D. DEAN,<br><br>Debtor. | Case No. 2:10-bk-18841-SSC<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**PROPERTY ADDRESS:**<br>3125 E Kristal Way<br>Phoenix, AZ 85050-2547<br><br>**HEARING:**<br>Date: March 19, 2013<br>Time: 10:00 a.m.<br>Ctrm: 701 |

This Stipulation is entered into by and between Secured Creditor, Wells Fargo Bank, N.A. ("**Wells Fargo**"), by and through its attorneys of record, and Robert S. Dean and Debbie D. Dean ("**Debtors**"), by and through their attorney of record.

The property which is the subject of this matter is commonly known as 3125 E Kristal Way, Phoenix, AZ 85050 (hereinafter the "**Property**"), which is more fully described in the Deed of Trust attached hereon as **Exhibit A** and incorporated herein by reference.

On or about October 5, 2006, Debtors executed a promissory note in the principal sum of $220,500.00 (the "**Note**"), which was made payable to World Savings Bank, FSB ("**WSB**"). The

-1-

1  Note is secured by a recorded deed of trust (the "**Deed of Trust**") encumbering the Property.[1]

2      On or about December 31, 2007, WSB's charter and bylaws were amended to change its

3  name to Wachovia Mortgage, FSB ("**Wachovia**").

4      On or about November 1, 2009, Wachovia converted to a national bank with the name Wells

5  Fargo Bank Southwest National Association ("**WFBSW**"). On the same date, WFBSW merged with

6  and into Wells Fargo Bank, National Association.

7      On June 16, 2010, Debtors commenced the instant case by filing a voluntary petition in the

8  United States Bankruptcy Court District of Arizona – Phoenix Division under Chapter 11 of the

9  Bankruptcy Code and were assigned bankruptcy case number 2:10-bk-18841-SSC.

10      On January 15, 2013, Wells Fargo filed a Motion for Relief from the Automatic Stay

11  ("**Motion for Relief**"). (*See* Docket No. 115). On February 1, 2013, Debtors filed an Objection to

12  Wells Fargo's Motion for Relief. (*See* Docket No. 158). On February 14, 2013, Wells Fargo filed a

13  Reply to the Debtors' Objection to its Motion for Relief. (*See* Docket No. 164).

14      On February 1, 2013, Debtors filed their proposed Chapter 11 Plan of Reorganization

15  ("**Plan**"). (*See* Docket No. 157).

16      On February 14, 2013, Wells Fargo filed an Objection to Confirmation of the Debtors'

17  proposed Chapter 11 Plan. (*See* Docket No. 163).

18  **THE PARTIES STIPULATE AS FOLLOWS:**

19      1.      Wells Fargo shall have secured claim in the amount of $160,000.00 (the "**Secured**

20  **Claim**") amortized over thirty (30) years at 5.25% interest per annum.

21      2      Wells Fargo shall have an unsecured claim for the amount owing on the Note above

22  the Secured Claim plus Wells Fargo's attorneys' fees and costs (the "**Deficiency Claim**"). Wells

23  Fargo shall receive, in full and final satisfaction of its Deficiency Claim, its pro rata share of the

24  dividend issued to general unsecured creditors.

25      3.      Debtors shall tender regular monthly principal and interest payments in the sum of

26  **$883.53** to Wells Fargo for the Secured Claim commencing **April 1, 2013**, and continuing until all

27  such outstanding amounts under the Secured Claim are paid in full.

28

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

4.      Debtors shall maintain real property taxes and real property hazard insurance for the Property and provide Wells Fargo with proof of said insurance upon request. Wells Fargo shall de-escrow the account. In the event Wells Fargo receives notice that the Debtors have failed to maintain taxes or insurance for the Property, Wells Fargo reserves its right to advance said funds on the Debtors' behalf consistent with the terms of the Subject Loan.

5.      Debtors shall cure the post-petition escrow advances made by Wells Fargo in the sum of $7,653.70 over sixty (60) months ("**Escrow Cure Payments**"). Escrow Cure Payments in the amount of **$40.00** each shall commence **April 1, 2013**, and continue on the first day of each month thereafter for months 1-59. At month sixty (60), Debtors shall make a final lump sum payment of $5,293.70 to cure the escrow default in full.

6.      Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Wells Fargo's Secured Claim.

7.      In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Wells Fargo shall provide written notice via first class mail to Robert and Debbie Dean at 301 West Sparrow Drive, Chandler, AZ 85286 and Debtors' attorney of record, Kelly Black at 40 North Center, Suite 200, Mesa, AZ 85201, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then the Automatic Stay shall terminate and Wells Fargo may proceed to foreclose its security interest in the Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court.

8.      The acceptance by Wells Fargo of a late or partial payment shall not act as a waiver of Wells Fargo's right to proceed hereunder.

9.      In the event that Wells Fargo is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10.      In the event the Debtors default under this Stipulation and Wells Fargo forwards a 30-day letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in order to cure the default.

11.     At the request of Wells Fargo, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform with the provisions of the this Stipulation.

12.     The terms of this Stipulation are contingent upon the substantial consummation of the Debtors' confirmed Plan and receipt of a Chapter 11 discharge. The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of Wells Fargo. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of a discrepancy between the terms of the Debtors' Plan and this Stipulation, the provisions of this Stipulation shall control. This Stipulation does not displace non-conflicting provisions of the Plan.

13.     In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Wells Fargo shall retain its lien in the full amount due under the Note and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

14.     In the event the Debtors assert that Wells Fargo has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtors' Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtors shall be required to provide written notice of the alleged lack of compliance to Wells Fargo and Wells Fargo's counsel of record, Pite Duncan, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicting the nature of the alleged lack of compliance. If Wells Fargo fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtors' allegation after the passage of ninety (90) days from the date Wells Fargo receives said written notice (the "Meet and Confer Period") Debtors may proceed with filing the appropriate motion in bankruptcy court seeking Wells Fargo's compliance. However, provided Wells Fargo has in good faith sought to remedy Debtors' grievance during the Meet and Confer Period, Debtors shall not request an award of his/her attorneys' fees and costs nor sanctions as a result of filing said motion.

Case 2:10-bk-18841-SSC    Doc 176    Filed 03/25/13    Entered 03/25/13 16:01:24    Desc
Main Document    Page 4 of 5

15.     This Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Plan for Wells Fargo's Secured and Unsecured Claims.

16.     Wells Fargo hereby withdraws its Motion for Relief located at Docket No. 115 and its Objection located at Docket No. 163.

**IT IS SO STIPULATED:**

Dated: 25 Mar 2013

_____
KELLY BLACK
Attorney for the Debtors Robert and Debbie Dean


**PITE DUNCAN, LLP**

_____
Dated:     March 25, 2013

_____
JAMIN S. NEIL
Attorneys for Wells Fargo Bank, N.A.

-5-